# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

**MARK RODRIGUES,**

  **Plaintiff,**

 **v.**

 **HIREVUE, INC.**

 **Serve:**
**10876 S. River Front Pkwy., Ste. 500**
**South Jordan, UT  84095**

  **Defendant.**

**Case No. 5:25-cv-6168**

## COMPLAINT

Plaintiff Mark Rodrigues, by and through his attorney, brings this action for damages and equitable relief to redress Defendant HireVue, Inc.'s violations of Title VII of the Civil Rights Acts of 1964, 42 U.S.C. §§ 2000e *et seq.*, 42 U.S.C. § 1981, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., and the Missouri Human Rights Act ("MHRA").

## I. Parties

1. Plaintiff Mark Rodrigues is an individual and resident of Kansas City, Platte County, Missouri. He is 53 years old, [DOB: 09/1972].

 1.1 Rodrigues' race and national origin are both Hispanic.

 1.2 He was awarded undergraduate and graduate degrees from the University of Michigan, at Ann Arbor.

2. Defendant HireVue, Inc. ("Defendant" or "HireVue") is a corporation organized under the laws of the State of Delaware with its principal place of business at 10876 S. River Front Parkway, Suite 500, South Jordan, Utah 84095.

2.1 HireVue employee approximately 394 employees in total and 6 or more employees in Missouri at the relevant time.

2.2 Defendant HireVue may be served with process at 10876 S. River Front Parkway, Suite 500, South Jordan, Utah 84095.


## II. Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action arises under federal law, specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., 42 U.S.C. § 1981, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. The Court has supplemental jurisdiction over Plaintiff's state law claims under the Missouri Human Rights Act pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over HireVue because it does business in Missouri, it hired, trained and supervised employees in Missouri (including Plaintiff) and is where the Defendant informed Plaintiff of his termination.

2

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the Defendant's contacts with Missouri subject it to personal jurisdiction and the alleged unlawful employment practices occurred in Missouri.

6. Defendant HireVue, Inc. was Plaintiff's "employer," as that term is defined in 42 U.S.C. § 2000e(b), 29 U.S.C. § 630 and RSMo § 213.010(8).

7. Plaintiff timely filed his Charge of Discrimination with The Missouri Commission on Human Rights ("MCHR") and the U.S. Equal Employment Opportunity Commission ("EEOC") alleging that Defendant engaged in unlawful age discrimination. He did so within 180 days of the acts herein complained of. *See* Exhibit A, Charge of Discrimination. The Charge was later amended. Exhibit B, Amended Charge of Discrimination.

8. Plaintiff has filed this suit within 90 days of receiving the Notice of Right to Sue from both the MCHR and the EEOC. *See* Exhibit C, MCHR Notice of Right to Sue; *See* Exhibit D, EEOC Notice of Right to Sue. Because Plaintiff's Complaint was brought within 90 days of this notice, it is timely. Plaintiff has fulfilled all conditions precedent to bringing this suit.

9. Plaintiff files this Complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1981 et seq.; and Age Discrimination in

3

Employment Act (ADEA), 29 U.S.C. § 621 et seq; and the Missouri Human Rights Act (MHRA), § 213.010, RSMo. et seq.

### III.    Allegations Common to all Counts

10.    Plaintiff incorporates by reference the allegations in all preceding paragraphs of his Complaint.

11.    In February 2022, Plaintiff was hired by Modern Hire as an Account Executive.

12.    In May 2023, Defendant HireVue acquired Modern Hire.

13.    Following the acquisition, Plaintiff was employed by Defendant and provided the title of Regional Sales Manager working for the Enterprise Sales Team.

14.    Plaintiff was the oldest member of the Enterprise Sales Team. He was also the only Hispanic individual on the Enterprise Sales Team which was dominated by non-Hispanic, white employees.

15.    While employed with HireVue, Plaintiff was a top performer.

16.    Plaintiff received only positive performance reviews, frequently receiving praise from members of management, including being told that he was "awesome" and

4

that his "hard work, work style, communication, and closing skills" were greatly appreciated by the company.

17.     After more than a year of being a top performer and exceeding expectations, Plaintiff's employment at HireVue was abruptly and materially altered. In particular, Chief Resource Officer, Walker Ellis, a 39-year-old, non-Hispanic, white man, began subjecting Plaintiff to aggressive, negative, disparaging treatment that starkly contrasted with the support Ellis demonstrated to younger, non-Hispanic white employees who had a lesser record of performance when compared to Plaintiff.

17.1     Ellis would frequently: dismiss Plaintiff's contributions and input in meetings; speak to Plaintiff in a demeaning tone; and subject him to different standards and higher scrutiny than his lesser-performing and younger, non-Hispanic white counterparts. Ellis subjected Plaintiff to this conduct despite Plaintiff's record of exceeding expectations compared to non-Hispanic white counterparts with a lesser record.

17.2.   Ellis denied Plaintiff additional sales opportunities provided to his lesser-performing and younger, non-Hispanic white counterparts by providing those individuals with encouragement, significantly more sales territory sourced from the territory assigned to Plaintiff, but without disclosure to Plaintiff and with no adjustment in Plaintiff's quota expectations.

5

17.3  Ellis excluded Plaintiff from critical sales meetings that were held with a non-Hispanic, predominantly white management team even when it concerned his own sales related activities.

17.4  Although two respected colleagues recommended Plaintiff for a promotion, Ellis declined to promote Plaintiff in favor of a younger, lesser experienced, non-Hispanic white individual.

17.5.  Ellis's treatment included him becoming visibly upset when Plaintiff would communicate in Spanish on one occasion. While sitting with Ellis in a restaurant, Plaintiff commenced speaking Spanish. Ellis made it readily apparent that he was visibly uncomfortable with Plaintiff doing so.

18.  Ellis's conduct was intentional and designed to communicate to Plaintiff that he had no future with HireVue. The message was a clear expression of his personal biases against Plaintiff. Ellis's biases deprived Plaintiff of the equal opportunities formerly offered by HireVue. HireVue management ratified Ellis's conduct through their own conduct, acts and omissions that were inconsistent with company standards.

19.  These adverse described above were material, coordinated and were directly related to Plaintiff's sudden termination. Walker Ellis was materially involved in that adverse action too.

20.  On November 4, 2024, Plaintiff was suddenly terminated by HireVue.

6

21. Prior to his termination, Plaintiff had never received a verbal or written warning or been subject to any other disciplinary action.

22. When asked why he was being terminated, HireVue leadership cited only a vague "lack of alignment," with HireVue's business. This false and ambiguous statement is pretextual.

22.1 There was no work rule or performance standard that evaluated employees described as "alignment." Rather, sales productivity was the prevailing standard of success with HireVue and Plaintiff was a leader on that basis.

22.2 Plaintiff was never notified that in any aspect of his work he was not aligned. HireVue's statement of "lack of alignment" was unsupported by any coaching, oral communications, written warnings, performance reviews, or documented concerns.

23. Walker Ellis's conduct toward Plaintiff compared to younger, non-Hispanic members of the sales staff, and when compared to Plaintiff's outstanding performance, demonstrates a highly irregular treatment of Plaintiff.

24. HireVue management had the opportunity to retain Plaintiff. Instead, they endorsed and ratified Plaintiff's termination and endorsed the "lack of alignment" excuse as its legitimate, non-discriminatory reason for termination, contradicting its own standards.

7

25.     Other similarly situated employees who were not Hispanic or in an age-protected class remain employed even though their performance numbers were lower than Plaintiff's performance.

## Count I – Age Discrimination (MHRA)

26.     Plaintiff incorporates by reference the allegations in all preceding paragraphs of his Complaint for Damages.

27.     As a then 52-year-old individual, Plaintiff was a member of a protected class by virtue of his age.

28.     As part of the discriminatory treatment suffered by Plaintiff during the course of employment with HireVue, the following adverse employment actions were taken against Plaintiff:

28.1    HireVue terminated Plaintiff's employment on or about November 4, 2024, without legitimate justification and under circumstances suggesting discriminatory motive.

28.2    Plaintiff was subjected to the conducted described in paragraphs 17 - 25 which materially altered Plaintiff's employment opportunities when compared to other younger employees.

8

28.3    The acts and omissions described herein materially and negatively impacted Plaintiff's own sales accounts and responsibilities, thereby impeding his ability to perform his role effectively. It deprived him of equal employment opportunities.

29.    Plaintiff's age was a motivating factor in the adverse employment actions.

30.    As a direct result of these adverse employment actions, Plaintiff has suffered damages, including, but not limited to:

30.1    Pecuniary loss (including back and front pay);

30.2    A detrimental job record;

30.3    Career damage and diminished career potential; and

30.4    Emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

31.    In addition to the above-listed damages, Plaintiff is entitled to recover all of his costs, expenses, expert witness fees, and attorney's fees pursuant to RSMo § 213.111.2.

## Count II—Race Discrimination (MHRA)

32.    Plaintiff incorporates by reference the allegations in all preceding paragraphs of his Complaint for Damages.

9

33. As a Hispanic individual, Plaintiff is a member of a protected class by virtue of his race. He was the only Hispanic person on the US Sales Team.

34. As part of the discriminatory treatment suffered by Plaintiff during the course of employment with HireVue, the following adverse employment actions were taken against Plaintiff:

34.1 HireVue terminated Plaintiff's employment on or about November 4, 2024, without legitimate justification and under circumstances suggesting discriminatory motive.

34.2 Plaintiff was subjected to the conducted described in paragraphs 17 - 25 which materially altered Plaintiff's employment opportunities when compared to other non-Hispanic employee.

34.3 The acts and omissions described herein materially and negatively impacted Plaintiff's own sales accounts and responsibilities, thereby impeding his ability to perform his role effectively. It deprived him of equal employment opportunities.

35. Race was a motivating factor in the adverse employment actions.

36. As a direct result of these adverse employment actions, Plaintiff has suffered damages, including, but not limited to:

36.1 Pecuniary loss (including back and front pay);

36.2 A detrimental job record;

10

36.3   Career damage and diminished career potential; and

36.4   Emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

37.     In addition to the above listed damages, Plaintiff is entitled to recover all of his costs, expenses, expert witness fees, and attorney's fees pursuant to RSMo § 213.111.2.

## Count III—National Origin Discrimination (MHRA)

38.     Plaintiff incorporates by reference the allegations in all preceding paragraphs of his Complaint for Damages.

39.     Plaintiff is Hispanic, which places him in a protected class based on national origin. Plaintiff was the only Hispanic person on the US Sales Team.

40.     As part of the discriminatory treatment suffered by Plaintiff during the course of employment with HireVue, the following adverse employment actions were taken against Plaintiff:

40.1   HireVue terminated Plaintiff's employment on or about November 4, 2024, without legitimate justification and under circumstances suggesting discriminatory motive.

11

40.2 Plaintiff was subjected to the conducted described in paragraphs 17 - 25 which materially altered Plaintiff's employment opportunities when compared to other non-Hispanic employee.

40.3 The acts and omissions described herein materially and negatively impacted Plaintiff's own sales accounts and responsibilities, thereby impeding his ability to perform his role effectively. It deprived him of equal employment opportunities.

41. National origin was a motivating factor in the adverse employment actions.

42. As a direct result of these adverse employment actions, Plaintiff has suffered damages, including, but not limited to:

42.1 Pecuniary loss (including back and front pay);

42.2 A detrimental job record;

42.3 Career damage and diminished career potential; and

42.4 Emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

43. In addition to the above listed damages, Plaintiff is entitled to recover all of his costs, expenses, expert witness fees, and attorney's fees pursuant to RSMo § 213.111.2.

## Count IV—Age Discrimination (ADEA)

44. Plaintiff incorporates by reference the allegations in all preceding paragraphs of his Complaint for Damages.

45. Plaintiff was then 52 years old, which places him in the protected age group of individuals 40 years of age or older.

46. As part of the discriminatory treatment suffered by Plaintiff during the course of employment with HireVue, the following adverse employment actions were taken against Plaintiff:

46.1 HireVue terminated Plaintiff's employment on or about November 4, 2024, without legitimate justification and under circumstances suggesting discriminatory motive.

46.2 Plaintiff was subjected to the conducted described in paragraphs 17 - 25 which materially altered Plaintiff's employment opportunities when compared to other younger employees.

46.3 The acts and omissions described herein materially and negatively impacted Plaintiff's own sales accounts and responsibilities, thereby impeding his ability to perform his role effectively. It deprived him of equal employment opportunities.

47. Age was the determining factor in the adverse employment actions.

13

48. As a direct result of these adverse employment actions, Plaintiff has suffered damages, including, but not limited to:

    48.1   Pecuniary loss (including back and front pay)

    48.2   A detrimental job record;

    48.3   Career damage and diminished career potential; and

    48.4   Liquidated damages.

49. In addition to the above listed damages, Plaintiff is entitled to recover all of his costs, expenses, expert witness fees, and attorney's fees.

## Count V—Race Discrimination (Title VII)

50. Plaintiff incorporates by reference the allegations in all preceding paragraphs of his Complaint for Damages.

51. Plaintiff is Hispanic, which places him in a protected class based on race.

52. As a Hispanic individual, Plaintiff is a member of a protected class by virtue of his race.

53. Plaintiff was the only Hispanic person on the US Sales Team.

14

54.     As part of the discriminatory treatment suffered by Plaintiff during the course of employment with HireVue, the following adverse employment actions were taken against Plaintiff:

54.1    HireVue terminated Plaintiff's employment on or about November 4, 2024, without legitimate justification and under circumstances suggesting discriminatory motive.

54.2    Plaintiff was subjected to the conducted described in paragraphs 17 - 25 which materially altered Plaintiff's employment opportunities when compared to other non-Hispanic employee.

54.3    The acts and omissions described herein materially and negatively impacted Plaintiff's own sales accounts and responsibilities, thereby impeding his ability to perform his role effectively. It deprived him of equal employment opportunities.

55.     Race was a motivating factor in the adverse employment actions.

56.     As a direct result of these adverse employment actions, Plaintiff has suffered damages, including, but not limited to:

56.1    Pecuniary loss (including back and front pay)

56.2    A detrimental job record;

56.3    Career damage and diminished career potential; and

56.4    Emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

57. In addition to the above listed damages, Plaintiff is entitled to recover all of his costs, expenses, expert witness fees, and attorney's fees.

## Count VI - 42 U.S.C. § 1981

58. Plaintiff incorporates by reference the allegations in all preceding paragraphs of his Complaint for Damages.

59. Plaintiff is Hispanic, which places him in a protected class based on race.

60. As a Hispanic individual, Plaintiff is a member of a protected class by virtue of his race.

61. Plaintiff was the only Hispanic person on the US Sales Team.

62. As part of the discriminatory treatment suffered by Plaintiff during the course of employment with HireVue, the following adverse employment actions were taken against Plaintiff:

62.1 HireVue terminated Plaintiff's employment on or about November 4, 2024, without legitimate justification and under circumstances suggesting discriminatory motive.

62.2 Plaintiff was subjected to the conducted described in paragraphs 17 - 25 which materially altered Plaintiff's employment opportunities when compared to other non-Hispanic employee.

16

62.3    The acts and omissions described herein materially and negatively impacted Plaintiff's own sales accounts and responsibilities, thereby impeding his ability to perform his role effectively. It deprived him of equal employment opportunities.

63.    Plaintiff's race was the determining factor in the adverse employment action.

64.    As a direct result of these adverse employment actions, Plaintiff has suffered damages, including, but not limited to:

64.1    Pecuniary loss (including back and front pay);

64.2    A detrimental job record;

64.3    Career damage and diminished career potential; and

64.4    Emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

65.    In addition to the above listed damages, Plaintiff is entitled to recover all of his costs, expenses, expert witness fees, and attorney's fees pursuant to 42 USC § 1981(a).

### Count VII—National Origin Discrimination (Title VII)

66.    Plaintiff incorporates by reference the allegations in all preceding paragraphs of his Complaint for Damages.

17

67. Plaintiff is Hispanic, which places him in a protected class based on national origin.

68. Plaintiff was the only Hispanic person on the US Sales Team.

69. As part of the discriminatory treatment suffered by Plaintiff during the course of employment with HireVue, the following adverse employment actions were taken against Plaintiff:

69.1 HireVue terminated Plaintiff's employment on or about November 4, 2024, without legitimate justification and under circumstances suggesting discriminatory motive.

69.2 Plaintiff was subjected to the conducted described in paragraphs 17 - 25 which materially altered Plaintiff's employment opportunities when compared to other non-Hispanic employee.

69.3 The acts and omissions described herein materially and negatively impacted Plaintiff's own sales accounts and responsibilities, thereby impeding his ability to perform his role effectively. It deprived him of equal employment opportunities.

70. Race was a motivating factor in Plaintiff's termination.

71. As a direct result of these adverse employment actions, Plaintiff has suffered damages, including, but not limited to:

71.1  Pecuniary loss (including back and front pay);

71.2  A detrimental job record;

71.3  Career damage and diminished career potential; and

71.4  Emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

72.  In addition to the above listed damages, Plaintiff is entitled to recover all of his costs, expenses, expert witness fees, and attorney's fees.

Wherefore, Plaintiff Mark Rodrigues prays that the Court enter judgment in his favor and against Defendant HireVue Inc., for back pay, front pay, damages for emotional distress, punitive damages, liquidated damages, attorney's fees, his costs incurred in the action, and for such other relief to which Plaintiff Mark Rodrigues shows himself entitled and which the Court deems reasonable, appropriate, and just.

## Jury Trial Demand

Plaintiff Mark Rodrigues demands a trial by jury.

Respectfully submitted,

**Case Linden P.C.**

s/Kevin D. Case
Kevin D. Case, MO 41491
Ryan S. VanFleet, MO 64210
2600 Grand Boulevard, Suite 300
Kansas City, MO 64108
Tel: (816) 979-1500
Fax: (816) 979-1501
kevin.case@caselinden.com
ryan.vanfleet@caselinden.com
Attorneys for Plaintiff

20